**UNITED STATES**

v.

**Howard P. SIMMONS, III, 261 69 0415, Private (E–1), U. S. Marine Corps.**

**NCM 80 3095.**

U. S. Navy Court of Military Review.

Sentence Adjudged 2 July 1980.

Decided 31 March 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

BOHLEN, Judge:

Appellant was tried by general court-martial military judge alone on 1 and 2 July 1980. Contrary to his pleas, he was found guilty of attempted rape in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, of two larcenies in violation of Article 121, UCMJ, 10 U.S.C. § 921, and of four housebreakings in violation of Article 130, UCMJ, 10 U.S.C. § 931. He was sentenced to confinement at hard labor for 3 years, forfeiture of all pay and allowances and discharge with a bad-conduct discharge. The sentence was approved by the convening authority on 22 September 1980.

Appellate defense counsel presents for our consideration the following summary assignments of error:

I

THE MILITARY JUDGE ERRED BY ADMITTING PROSECUTION EXHIBIT 2 INTO EVIDENCE BECAUSE THE GOVERNMENT FAILED TO CARRY ITS BURDEN OF ESTABLISHING THE APPELLANT, ALTHOUGH EARLIER REQUESTING COUNSEL, SUBSEQUENTLY VOLUNTARILY WAIVED HIS RIGHT TO SPEAK WITH COUNSEL PRIOR TO BEING INTERVIEWED BY AUTHORITIES. *MIRANDA V. ARIZONA*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *UNITED STATES V. TEMPIA*, 16 U.S. C.M.A. 629, 37 C.M.R. 249 (1967); *UNITED STATES V. McLELLAN*, 1 M.J. 575 (A.C.M.R.1975); *UNITED STATES V. HILL*, 5 M.J. 114 (C.M.A.1978); *UNITED STATES V. MARTINEZ*, 6 M.J. 627 (A.C. M.R.1978).

II

THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE GUILTY FINDINGS BECAUSE THE EVIDENCE FAILS TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT, DUE TO EXTREME INTOXICATION, WAS ABLE TO FORM THE REQUISITE SPECIFIC INTENT FOR EACH OFFENSE.

We find that Assignment of Error I has merit.

The facts as presented reveal that on two prior occasions, shortly after his apprehension at the scene of the criminal conduct,

appellant was properly warned concerning his rights prior to making a statement, including his right to counsel; on both of these occasions he requested counsel and the interrogations were therefore terminated. Appellant was interrogated thereafter by a Naval Investigative Service (NIS) agent. The NIS agent was not informed that appellant previously had requested counsel; the testimony reveals that the two prior interrogators, both military policemen, did not have any contact with the NIS agent and did not notify him of appellant's request for counsel.

■ There is no question as to the proper warning given by the NIS investigator and the subsequent waiver and statement by appellant. The issue which causes concern is that appellant, a 17-year old not experienced in the ways of the law, on two prior occasions within a short time frame had requested counsel upon being warned. Without a doubt these requests were ignored; a third interrogator, the NIS agent, entered upon the scene, again warned appellant but thereafter received a statement. Just as the military police interrogators were agents of the Government, however, so also was the NIS agent. We believe, given the particular facts of this case, that the interrogation by the NIS agent was precluded until such time as appellant was afforded his right to consult with counsel in accord with his prior requests.

■ If an individual asserts that he wants an attorney, the interrogation must cease until his attorney is present. At that time, the individual must have an opportunity to confer with his attorney and to have the attorney present during any subsequent questioning. If the individual can..ot obtain an attorney and he indicates he wants one before speaking to police or other government agents, then his decision to remain silent must be honored. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Considering the evidence in the present case, we cannot conclude that it supports the trial judge's determination that appellant had voluntarily waived his rights to counsel and to remain silent. An accused should not be required to run a gauntlet of interrogators who *seriatim* issue a warning, receive a request for counsel and then depart until the accused is frustrated in his request and finally succumbs to the desire of a subsequent interrogator to take a statement. *See also United States v. Hill*, 5 M.J. 114 (C.M.A.1978). We find, therefore, that the incriminatory statement, Prosecution Exhibit 2, should have been excluded from consideration.

■ It is clear to us that the appropriate test to be applied to determine whether admission of evidence against an accused obtained in violation of his constitutionally protected rights was harmless is that set forth in *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), as clarified in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and as discussed in *United States v. Ward*, 1 M.J. 176, 179–180 (C.M.A.1975) (several footnotes omitted):

> In *Fahy v. Connecticut, supra*, the Supreme Court, in addressing the admission of evidence obtained through an illegal search, noted:
>
>> We are not concerned here with whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.
>
> Subsequently, in *Chapman v. California, supra*, that Court clarified its test:
>
>> There is little, if any, difference between our statement in *Fahy v. Connecticut*, about "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction" and requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. We, therefore, do no more than adhere to the meaning of our *Fahy* case when we

hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.[7]

[7] Since its decision in *Chapman*, the Supreme Court consistently has adhered to and applied this "beyond a reasonable doubt" test in determining presence of harmless error. *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

■ We conclude that there are some errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction. Therefore, we too now so hold that before such an error can be held harmless under Article 59(a), 10 U.S.C. § 859(a) the Court must be able to declare a belief that it was harmless beyond a reasonable doubt. *United States v. Ward, supra.* Some of the most incriminating evidence presented against appellant at trial consisted of eyewitness identification, testimony of his presence in the area, finger and palm prints matching those of appellant which were discovered in one of the rooms investigated as the scene of the alleged crime, undershorts bearing appellant's name found in the room of one of the victims, and the actual apprehension of appellant in the immediate area of the alleged crimes. To say the least, the admissible evidence of guilt was not only overwhelming; it was conclusive. Therefore, we believe that the admission of Prosecution Exhibit 2 under the facts of this case was harmless beyond a reasonable doubt.

We consider Assignment of Error II to be without merit.

The findings and sentence are thus correct in law and fact and no error materially prejudicial to the substantial rights of appellant was committed. Accordingly, the findings and sentence as approved on review below, are affirmed.

Chief Judge CEDARBURG and Judge SANDERS concur.